```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
VERONICA W. ORTIZ,                   :    08 Civ. 3030 (DAB)(JCF)
                                     :
              Petitioner,            :        REPORT AND
                                     :        RECOMMENDATION
     - against -                     :
                                     :
MICHAEL CHERTOFF,                    :
SECRETARY, U.S. DEPARTMENT           :
OF HOMELAND SECURITY,                :
                                     :
              Respondent.            :
- - - - - - - - - - - - - - - - - - -:
```
TO THE HONORABLE DEBORAH A. BATTS, U.S.D.J.:

Veronica W. Ortiz, proceeding pro se, brings this action seeking an order declaring her eligible for naturalization as a United States citizen pursuant to 8 U.S.C. § 1421(c). The Secretary of the Department of Homeland Security ("DHS") moves to dismiss the petition pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, for summary judgment pursuant to Rule 56(c). For the reasons that follow, I recommend that the defendant's motion to dismiss be granted.

Background

    A. Removal Proceedings

Veronica Ortiz is a citizen of the Dominican Republic who has lived in the United States as a lawful permanent resident since July 12, 1978. (Petition ("Pet.") at 1). In April 1999, Ms. Ortiz pled guilty to a charge of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 371. (Judgment Including Sentence, 97

1

Crim. 017-3, dated April 9, 1999 ("Judgment"), attached as Exh. A to Declaration of Patricia L. Buchanan dated Sept. 19, 2008 ("Buchanan Decl."), at 1). She was sentenced to three years of probation. (Judgment at 3).

In August 2007, Ms. Ortiz took a trip to the Dominican Republic. (Pet. at 1; Order to Appear Deferred Inspection dated Aug. 13, 2007 ("Order to Appear"), attached as Exh. C to Buchanan Decl.). She returned to the United States on August 13, 2007, entering the country at John F. Kennedy International Airport. (Pet. at 1). There, during a routine check at passport control, immigration officers discovered her criminal conviction. (Order to Appear). DHS revoked Ms. Ortiz's I-551 lawful resident card,[1] which had expired, and ordered her to appear for further proceedings. (Order to Appear). In January 2008, Ms. Ortiz received notice that she was subject to removal from the United States for having been convicted of a crime involving moral turpitude. (Notice to Appear in Removal Proceedings ("Removal Notice"), attached as Exh. 5 to Pet., at 4). She was ordered to appear at a hearing on April 10, 2008 "to show why [she] should not be removed." (Removal Notice at 3).

B. Naturalization Proceedings

In April 2007, several months before her trip to the Dominican Republic, Ms. Ortiz submitted an application for naturalization to

---

[1] The I-551 card is more commonly known as a "green card."

the Bureau of Citizenship and Immigration Services ("CIS"). (Application for Naturalization, attached as part of Exh. 4 to Pet.). In February 2008, CIS gave notice of an initial interview to determine Ms. Ortiz's eligibility for naturalization. (Request for Applicant to Appear dated Feb. 13, 2008, attached as Exh. 2 to Answer to Government's Motion dated Dec. 18, 2008). The interview was scheduled for April 3, 2008, but Ms. Ortiz did not appear. (DHS Decision dated July 21, 2008 ("Decision"), attached as Exh. A to Answer, at 2). According to Ms. Ortiz, she arrived at the CIS offices that day but left after being told the meeting had been canceled. (Answer, ¶ 4). CIS claims that it received neither an explanation for Ms. Ortiz's failure to appear nor a request for a new hearing. (Decision at 2).

In a decision dated July 21, 2008, DHS decided that Ms. Ortiz was ineligible for naturalization because she was currently involved in removal proceedings. (Decision at 2). This decision was rendered "without prejudice," as Ms. Ortiz could be eligible for naturalization in the future if she met all of the necessary requirements. (Decision at 1). In addition, the decision contained instructions on how to request review before an immigration officer and a warning that appeals must be taken within thirty days. (Decision at 1). Ms. Ortiz never requested review of DHS's decision. Instead she filed the instant petition on March 25, 2008, while her removal and naturalization proceedings were

ongoing.

The government now moves to dismiss the petition for lack of subject matter jurisdiction because Ms. Ortiz failed to exhaust her administrative remedies for naturalization, thus barring judicial review of her application.  In the alternative, the government seeks summary judgment on the ground that the Court is prohibited from reviewing Ms. Ortiz's naturalization application due to her pending removal proceedings.

Discussion

    A.   Exhaustion of Administrative Remedies

        1. Dismissal for Lack of Subject Matter Jurisdiction

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  In determining a motion to dismiss for lack of subject matter jurisdiction, the court may rely on evidence beyond the complaint in order to resolve material factual disputes.[2]  See Robinson v. Government of

---

[2] When a party seeks to rely on information outside the pleadings to support a motion to dismiss a pro se complaint under Rule 12(b), that party is required by Local Civil Rule 12.1 to provide specific notice to the pro se litigant of the obligation to respond to the motion with affidavits or other documentary evidence and the consequences of failing to do so.  A party moving for summary judgment must provide a similar notice to a pro se litigant pursuant to Local Civil Rule 56.2.  Here, the defendant did not serve the required notices on Ms. Ortiz.  However, I provided the notices to the petitioner and gave her time to submit any additional response to the pending motion.  (Order dated April 1,

Malaysia, 269 F.3d 133, 140 n.6 (2d Cir. 2001); Zappia Middle East Construction Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000); Makarova, 201 F.3d at 113. As the petitioner, Ms. Ortiz bears the burden of establishing proper subject matter jurisdiction. See Makarova, 201 F.3d at 113; Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996).

    2.  Judicial Review of Naturalization Proceedings

Under the Immigration Act of 1990, the Attorney General has exclusive authority to naturalize persons as United States citizens. 8 U.S.C. § 1421(a). As courts in this district have repeatedly affirmed, "there are only two circumstances in which judicial review of the naturalization process by a district court is appropriate." Khan v. Mukasey, No. 07 Civ. 907, 2008 WL 4922205, at *3 (S.D.N.Y. April 4, 2008) (citing Langer v. McElroy, No. 00 Civ. 2741, 2002 WL 31789757, at *2 (S.D.N.Y. Dec. 13, 2002)); accord Borromeo Escaler v. United States Citizenship & Immigration Services, No. 03 Civ. 8418, 2007 WL 1975485, at *3 (S.D.N.Y. July 6, 2007). First, "a district court may review a naturalization application de novo if CIS fails to render a decision on an application within 120 days of the applicant's interview." Khan, 2008 WL 4922205, at *3; see also 8 U.S.C. § 1447(b). This avenue for review is extremely limited: an applicant may only seek review 120 days after her naturalization interview

---

2009; Memorandum Endorsement dated April 16, 2009).

but before a decision has been rendered.  See Langer, 2002 WL 31789757, at *3 (finding no basis for jurisdiction when government took longer than 120 days but eventually rendered decision). Second, "if CIS denies a naturalization application -- and that denial has been confirmed after an administrative appeal -- the applicant may seek de novo review in the district court." Borromeo Escaler, 2007 WL 1975485, at *3; 8 U.S.C. § 1421(c); see also Khan, 2008 WL 4922205, at *3; Baez-Fernandez v. Immigration & Naturalization Service, 385 F. Supp. 2d 292, 294-95 (S.D.N.Y. 2005); Li v. Immigration & Naturalization Service, No. 00 Civ. 7868, 2003 WL 102813, at *4 (S.D.N.Y. Jan. 10, 2003); Langer, 2002 WL 31789757, at *2.

When administrative exhaustion is expressly directed by statute, it is a jurisdictional prerequisite.  See McCarthy v. Madigan, 503 U.S. 140, 144 (1992); Martinez v. Rathman, No. 08-22828-CIV, 2009 WL 212184, at *5 (S.D. Fla. Jan. 29, 2009).  Under the plain language of 8 U.S.C. § 1421(c), a disappointed applicant must request "a hearing before an immigration officer" before seeking relief through the courts.  Failure to do so bars judicial review of any naturalization decision; it strips the courts of subject matter jurisdiction.  See Khan, 2008 WL 4922205, at *3; Borromeo Escaler, 2007 WL 1975485, at *3; Baez-Fernandez, 385 F. Supp. 2d at 294-95; Li, 2003 WL 102813, at *4; Langer, 2002 WL 31789757, at *2.

Here, although there is some dispute concerning whether Ms. Ortiz attempted to attend her naturalization interview in April 2008, there is no question that she received an unfavorable naturalization decision in July 2008. The decision includes a warning that, if no request for a hearing is made within thirty days, it becomes final. (Decision at 1). Ms. Ortiz neglected to request a review hearing and therefore failed to exhaust the administrative remedies prescribed by Congress. Accordingly, this Court lacks subject matter jurisdiction to review her application and it must be dismissed.

B.   Pending Removal Proceedings

Even if this Court had jurisdiction, summary judgment in favor of the government would be warranted.

Under 8 U.S.C. § 1429, no application for naturalization may be considered if removal proceedings are ongoing against the applicant. Ms. Ortiz was issued a Notice to Appear in removal proceedings in January 2008, and a hearing in her case was scheduled for April 3, 2008. (Removal Notice). There is no indication that these proceedings have since ended.[3]

However, Ms. Ortiz argues that since the government received her naturalization application on April 23, 2007, the denial of her application was improper because she had initiated her

---

[3] Indeed, as characterized by the defendant, it is "undisputed that [Ms.] Ortiz is in removal proceedings." (Government's Memorandum of Law in Support of its Motion to Dismiss or in the Alternative Summary Judgment dated Sept. 19, 2008 at 20).

7

naturalization proceedings prior to the commencement of the removal proceedings. (Answer, ¶¶ 1-2; Application for Naturalization at 3).

The court in Ajlani v. Chertoff, 545 F.3d 229 (2d Cir. 2008) faced a similar situation. There, removal proceedings were brought against the plaintiff while his naturalization proceedings were pending. Id. at 232. The plaintiff then brought suit in federal court, requesting that the district court either administer or require CIS to administer the naturalization oath, or find the defendant's actions unlawful. Id. at 233. Finding that the pending removal proceedings precluded the plaintiff from properly claiming relief, the district court dismissed his claim. Id. at 241. The Second Circuit Court of Appeals affirmed, reasoning that although 8 U.S.C. § 1429 technically prohibits only the Attorney General from considering naturalization applications while removal proceedings are pending, the district court's authority to review the applications is no greater than that of the Attorney General. Id. at 239. Thus, the law prohibits judicial review as well. Id.

The Ajlani court acknowledged the possibility that DHS might attempt to obstruct a preexisting review of naturalization proceedings by commencing removal proceedings, and thus procedurally barring the naturalization process from continuing after it had already begun. Ajlani, 545 F.3d at 241. However, the court found that "a colorable claim of such abuse is appropriately addressed on a case-by-case basis through litigation to terminate

unwarranted removal proceedings." Id. In this case, however,
there is no suggestion that the proceedings initiated by DHS are unwarranted.

Conclusion

For the reasons stated above, I recommend that the defendant's motion to dismiss be granted. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Deborah A. Batts, Room 2510, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

*/s/ James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         May 1, 2009


Copies mailed this date to:

Victoria Ortiz
1505 Townsend Avenue, Apt. 2E
Bronx, New York 10452

9

Patricia L. Buchanan, Esq.
Assistant United States Attorney
86 Chambers Street, 4th Floor
New York, New York 10007

Patricia L. Buchanan, Esq.
Assistant United States Attorney
86 Chambers Street, 4th Floor
New York, New York 10007